**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **MAG. NO. 20 MJ 231 (ZMF)** |
| : | |
| **KENNETH DEBERRY,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by Criminal Complaint dated November 16, 2020, with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.  Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. On Saturday, November 14, 2020, at approximately 4:00 p.m., Metropolitan Police Department officers responded to 17th and I Streets, NW, Washington,

D.C. in reference to a number of reported assaults. Members of the media provided officers with video footage capturing some of the assaultive conduct. One of the videos showed the defendant, Kenneth Deberry, assaulting a complainant by punching him with a closed fist to the face. Based on that footage, officers placed the defendant under arrest for assault. During a search of the defendant incident to his arrest, the officers recovered a firearm in the defendant's waistband.

The recovered firearm was determined to be a black Interarms Revolver, Special .38 Caliber, Serial Number D409128. The firearm was loaded with five (5) rounds.

The defendant agreed to a custodial post-arrest interview. During that interview, he told detectives that he previously had his life threatened while protesting and he came armed to protect himself.

### B. Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is very strong. The defendant came to the attention of law enforcement based on video evidence of him assaulting another individual. When the defendant was searched incident to his arrest on the warrant, the loaded firearm was recovered from his person. Finally, the defendant admitted to detectives that he had the firearm on his person because he previously had been threatened while protesting and brought the gun for protection.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weigh in favor of his detention. For starters, the defendant presently is on supervision for his April 10, 2019 conviction for Driving Under the Influence of Alcohol or Drugs under Case Number 2018 CTF

3

019013. The defendant began that period of supervision on January 10, 2020 and it is set to expire on January 9, 2021.

Beyond that, and prior to the instant offense, on March 26, 2012, the defendant was convicted of Robbery under Case Number 2011 CF3 023532 and sentenced to 20 months of incarceration. On October 29, 2008, the defendant was convicted of Second Degree child Sex Abuse, Under Case Number 2008 CF1 014507 and sentenced to 40 months of incarceration. On October 31, 2008, the defendant was convicted of Carrying a Pistol Without a License Under Case Number 2007 CF2 019246 and sentenced to 12 months of incarceration. Finally, on February 26, 2004, the defendant was convicted of Attempted Robbery and Bail Reform Act Violation (*misdemeanor*), under Case Number 2002 FEL 005949 and sentenced to 9 months of incarceration.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant has a criminal history that consists of serious felony offenses, including two prior convictions for offenses involving firearms – the 2008 Carrying a Pistol without a License conviction and 2004 conviction for Attempted Robbery. Moreover, at the time of the instant offense, the defendant was (and remains) under court ordered supervision in D.C. Superior Court Case No. 2018 CTF 019013, for his conviction of Driving Under the Influence.

Critically, too, it cannot be ignored that while the defendant's 2011 Robbery conviction did not involve a weapon or firearm, his 2008 second-degree sex abuse of a child conviction most certainly implicated one. More specifically, in that case, the 13-year-old complaining witness went to Children's Hospital and it was discovered she was 7 months pregnant and the complaining

4

witness that the baby's father was her 25-year-old boyfriend, the defendant. The victim also reported that the defendant gave her a sexually transmitted disease, which she was treated for, and that the defendant had previously threatened to kill her if she "gave away his cookies," which the victim understood to mean, he would kill her if she had sexual intercourse with anyone else. The victim was especially fearful because she was aware that the defendant carried a gun in the trunk of his car. During an interview with a detective, the defendant admitted to engaging in sexual intercourse with the child-victim on numerous occasions at his home. Moreover, it also is the case that, in addition to the defendant's 2008 Carrying a Pistol without a License conviction, the defendant's 2004 conviction for Attempted Robbery also included a firearm. Thus, the instant offense marks the defendant's third offense that involved a firearm, or fourth firearms-related offense if the defendant's second-degree child sex abuse case is counted, for the threat that a firearm could have been to harm the 13-year-old victim.

Moreover, by his own admission following his arrest for the instant offense, the defendant declared he possessed the loaded firearm for his protection because he previously had been threatened while protesting; a notion that, if followed to its logical conclusion, amounted to his plan to use the unlawfully possessed firearm to hurt or kill someone, should he deem it necessary.

At bottom, the defendant's conduct of (1) possessing a loaded firearm, (2) while on court ordered supervision, and (3) while out in the community, is of great concern to the government. A firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. Moreover, homicides in the District are up 15% this year, from 2019. Thus, the risk to others is plainly serious. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the

community.

### III.  Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

          Respectfully submitted,

          MICHAEL R. SHERWIN
          ACTING UNITED STATES ATTORNEY
          New York Bar No. 4444188

By:   /s/ *Kelly L. Smith*
          Kelly L. Smith
          New York Bar No. 5321971
          Assistant United States Attorney
          Federal Major Crimes Section
          United States Attorney's Office for D.C.
          555 Fourth Street, N.W., Fourth Floor
          Washington, D.C. 20530
          E-mail: Kelly.Smith@usdoj.gov
          Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas, Esq., this 16th day of November 2020.

          /s/
          Kelly L. Smith
          Assistant United States Attorney