UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CR. NO. 20-260 (TSC) |
| KENNETH DEBERRY, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.    Penalties

A. The penalties for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, 922(g)(1), are:

    (1)    a term of imprisonment not more than 10 years;

    (2)    a fine not to exceed $250,000;

    (3)    a term of supervised release of not more than three years; and

    (4)    a special assessment of $100.

B. The penalties for Simple Assault, in violation of 22 D.C. Code § 404(a)(1), are:

    (1)    a term of imprisonment not more than 180 days;

    (2)    a fine not to exceed $1,000; and

    (3)    a Crime Victims Compensation Fund assessment of $50 to $250.

### II.    Elements of the Offenses

A. To prove that the defendant is guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,

1

the government must prove the following beyond a reasonable doubt:

1. That the defendant possessed a firearm;

2. That he did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the item he possessed was a firearm;

3. That the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);

4. At the time the defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment of term exceeding one year and had knowledge of that fact.

B. To prove that the defendant is guilty of Simple Assault, the government must prove the following beyond a reasonable doubt:

1. The defendant with force or violence, injured or attempted to injure another person;

2. The defendant intended to use force or violence against another person;

3. At the time, the defendant had the apparent ability to injury another person.

III. **Proffer of Evidence**

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established the following beyond a reasonable doubt:

<u>Count 1 – Unlawful Possession of a Firearm</u>

On Saturday, November 14, 2020, at approximately 4:00 p.m., officers responded to 17th and I Streets, NW, Washington, D.C. in reference to a number of reported assaults. Video recorded by members of the media depicts the defendant, Kenneth Deberry, punching another person in the face with a closed fist. Officers placed the defendant under arrest for the assault. During a search incident to arrest, the officers recovered a revolver in the defendant's waistband.

The firearm that was recovered from the defendant's waistband was determined to be a black Interarms Revolver, Special .38 Caliber, Serial Number D409128. The firearm was loaded with five (5) rounds. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm in this case traveled in interstate commerce.

The defendant has a prior felony conviction for Robbery in D.C. Superior Court Case Number 2011 CF3 23532, for which he was sentenced to twenty (20) months of incarceration. Additionally, the defendant has a prior felony conviction for Second Degree Child Abuse in Case Number 2008 CF1 14507, for which he was sentenced to forty (40) months of incarceration. The defendant has two additional convictions for crimes punishable by more than one year. Therefore, the defendant was aware at the time of his arrest in this case that he had prior convictions for crimes punishable by more than one year.

<u>Count 2 – Simple Assault</u>

On May 14, 2021, the defendant was in Washington, D.C., at the home where he resided with his mother and stepfather, R.H. During an argument with R.H., the defendant began strangling R.H. with both hands. When R.H. struck the defendant in the crotch in an attempt to get him to let go, the defendant pushed R.H. into the sofa and repeatedly punched him in the face with a closed

fist.

When R.H. left the home in an attempt to flee the assault, the defendant followed R.H. outside and pushed him down from behind, causing R.H. to hit his face on the ground. Following the assault, R.H. was hospitalized for two days and his injuries included, among other things, a collapsed lung, six fractured ribs, a broken nose, and a missing tooth.

Respectfully Submitted,

Mary L. Dohrmann
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Carlos Vanegas, Esq. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: _____

X _Kenneth W. DeBerry_

Kenneth Deberry
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Proffer of Facts and carefully reviewed it with my client and discussed it fully. I do not object to my client's agreement with and acceptance of this Proffer of Facts.

Date: _10/15/21_

Carlos Vanegas, Esq.
Attorney for Kenneth Deberry